UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 14-131 |
| DARIUS WILLIAMS | SECTION "E" (5) |

### ORDER

Before the Court is a motion for a sentence reduction filed by Defendant Darius Williams.[1]

Defendant brings his motion pursuant to Amendment 782 to the United States Sentencing Guidelines.[2] Amendment 782 "lowered the offense levels in § 2D1.1 [of the Guidenlines] for many drug trafficking offenses and became retroactively applicable on November 1, 2015."[3] Under 18 U.S.C § 3582(c)(2), the Court has authority to modify sentences in accordance with Amendment 782.[4]

On August 30, 2018, Defendant filed a motion styled as a motion for a sentence reduction under Amendment 782.[5] In that motion, he did not argue his offense level was calculated according to a version of § 2D1.1 of the Guidelines that was subsequently altered by Amendment 782. Instead, he challenged the amount of cocaine base used for

---

[1] R. Doc. 884.
[2] *Id.*
[3] *United States v. Caulfield*, 647 F. App'x 293, 295 n.4 (5th Cir. 2016)
[4] 18 U.S.C § 3582(c)(2) ("[I]in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."); *see also United States v. Hernandez*, 647 F. App'x 426 (5th Cir. 2016) (affirming denial of § 3582(c)(2) motion to reduce a sentence under Amendment 782); *United States v. Caulfield*, 647 F. App'x 293 (5th Cir. 2016) (same).
[5] R. Doc. 877.

1

sentencing and the basis for his participation in the conspiracy to which he pleaded guilty.[6] The Court found modification of the sentence was outside the scope of 18 U.S.C § 3582(c)(2) and that, as a result, the Court did not have jurisdiction to modify Defendant's sentence.[7]

On November 27, 2018, Defendant filed the instant motion, stating his offense level "was calculated according to a version of '2D1.1' of the [G]uidelines that was subsequently altered by Amendment 782."[8] The Court does not agree. Amendment 782 took effect on November 1, 2014.[9] The Final Presentencing Investigation Report was filed on April 8, 2015,[10] and Defendant sentenced on April 15, 2015,[11] *after* Amendment 782 took effect. The Court sentenced Defendant using the Guidelines as amended by Amendment 782.

Defendant states Amendment 782 "became retroactively applicable on November 1, 2015."[12] The Amendment states, "The effective date of this amendment is November 1, 2014. However, as a result of the special instruction, offenders cannot be released from custody pursuant to retroactive application of Amendment 782 before November 1, 2015."[13] Defendant was sentenced after the effective date of Amendment 782. In his case, the amended Guidelines were applied directly and not retroactively.

---

[6] *Id.* at 1–2.
[7] R. Doc. 880.
[8] R. Doc. 884.
[9] Sentencing Guidelines for the United States Courts, 79 FED. REG. 44,973, 44,973 (Aug. 1, 2014).
[10] R. Doc. 224.
[11] R. Doc. 231.
[12] R. Doc. 884.
[13] 79 Fed. Reg. at 44,973.

Defendant's sentence was correctly calculated under the Sentencing Guidelines, as amended by Amendment 782. In the Factual Basis filed by the United States, Defendant stipulated to the following:

> [F]or sentencing purposes the government could prove that the amount of drugs that was distributed and possessed with the intent to be distributed by Williams and his co-conspirators during the several years that he was a member of the conspiracy was at least 280 grams but not more than 840 grams of a mixture or substance containing a detectible amount of cocaine base ("crack").[14]

According to the Presentencing Investigation Report, Defendant's base offense level was 30 because his offense involved at least 280 grams, but less than 840 grams, of cocaine base.[15] Defendant's total offense level was calculated from this base offense level. Under the Guidelines as amended by Amendment 782, an offense involving at least 280 grams, but less than 840 grams, of cocaine base, corresponds to a base offense level of 30.[16] There was no error in the calculation of Defendant's sentencing range under the Guidelines.

Accordingly;

**IT IS ORDERED** that motion for a sentence reduction filed by Defendant Darius Williams be and hereby is **DENIED**.[17]

**New Orleans, Louisiana, this 7th day of May, 2019.**

```
                            _____
                                SUSIE MORGAN
                       UNITED STATES DISTRICT JUDGE
```

---

[14] R. Doc. 184 at 7.
[15] R. Doc. 224 at 25, ¶ 87.
[16] U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(5) (U.S. SENTENCING COMM'N 2014).
[17] R. Doc. 884.