UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-131 |
| DARIUS WILLIAMS | SECTION D (5) |

### ORDER

Defendant Darius Williams moves for a modification of his sentence.[1] The Government opposes the Motion.[2] Williams filed a Reply.[3] After careful consideration of the Motion, the Government's Opposition, the Reply, and the applicable law, the Court DENIES the motion.

On February 4, 2015, Darius Williams pleaded guilty to conspiracy to possess with intent to distribute at least twenty-eight grams of cocaine and conspiracy to possess and use firearms in furtherance of his drug trafficking activities.[4] Williams was sentenced to 156 months' imprisonment.[5] Williams is incarcerated at Thompson USP and his expected release date is March 4, 2027.[6]

---

[1] R. Doc. 898.
[2] R. Doc. 910.
[3] R. Doc. 917.
[4] R. Doc. 182 (Plea Agreement); R. Doc. 180 (Minute Entry).
[5] R. Doc. 234 at 2.
[6] *See Inmate Locator*, *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited Sept. 3, 2020).

Williams now seeks for a reduction in his sentence[7] in light of the U.S. Supreme Court's recent ruling in *United States v. Davis*.[8] Williams's Motion does not allege a jurisdictional basis for the Court to consider his claim, which the Government argues is fatal to his Motion. In his Reply, Williams states that he seeks modification of his sentence under 18 U.S.C. § 3742. But that statute provides for review of a sentence on appeal, and does not provide jurisdiction for Williams to attack his sentence as he does here.[9] The Court therefore lacks jurisdiction to consider Williams's Motion.

The Court further notes that *Davis* provides no benefit to Defendant. Defendant was convicted of violating 18 U.S.C. § 924(o), which provides that "[a] person who conspires to commit an offense under subsection (c) shall be imprisoned for [a term]."[10] Subsection (c), which was the focus of the *Davis* decision, in turn allows for heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal "crime of violence or drug trafficking crime."[11] In *Davis*, the Supreme Court held that the definition of "crime of violence" in the statute's residual clause was unconstitutionally vague.[12] But Williams was not sentenced under Section 924 for having a firearm in connection with a crime of

---

[7] R. Doc. 917.
[8] 139 S. Ct. 2319 (2019).
[9] Williams could have brought this motion under 28 U.S.C. § 2255. *See, e.g., United States v. Woods*, No. 06-296, 2019 WL 7281930 (E.D. La. December 27, 2019). But because Williams specifically states that he does not seek to bring a Section 2255 motion, and because of the potentially severe consequences to a defendant of construing a *pro se* motion as a Section 2255 motion, *see United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019), the Court declines to construe William's Motion as one brought under 28 U.S.C. § 2255.
[10] 18 U.S.C. § 924(o).
[11] 18 U.S.C. § 924(c).
[12] 139 S. Ct. 2319.

violence, but rather for having a firearm in connection with a drug trafficking crime. A review of the record reflects that he and his counsel signed a Plea Agreement specifically referencing his plea under Section 924(o).[13] And as other courts have recognized, *Davis* has no applicability where a defendant's conviction under 18 U.S.C. § 924 involved a drug trafficking crime rather than a crime of violence.[14] Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, October 2, 2020.

                                                                       _____
                                                                        **WENDY B. VITTER**
                                                                        **UNITED STATES DISTRICT JUDGE**

---

[13] *See* R. Doc. 182 (Plea Agreement); R. Doc. 17 (superseding indictment).
[14] *See, e.g., United States v. Williams*, No. 12-51, 2020 WL 3104816, at *1 (E.D. La. June 11, 2020); *Moore v. United States*, No. 20-cv-98, 2020 WL 4574514, at *3 (N.D. Tex. June 29, 2020).