UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-131 |
| DARIUS WILLIAMS | SECTION D (5) |

### ORDER

Defendant Darius Williams has filed a Petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.[1] The Government opposes the Petition.[2] After careful consideration of the Petition, the Government's Opposition, and the applicable law, the Court denies the Petition.

On February 4, 2015, Darius Williams pleaded guilty to conspiracy to possess with intent to distribute at least twenty-eight grams of cocaine and conspiracy to possess and use firearms in furtherance of his drug trafficking activities.[3] Williams was sentenced to 156 months' imprisonment.[4] Williams is incarcerated at Thompson USP and his expected release date is December 10, 2026.[5]

Williams previously filed a Motion to modify his sentence based on the Supreme Court's decision in *United States v. Davis*.[6] In litigating that Motion, Williams made clear that he did not move under 28 U.S.C. § 2255, but rather under

---

[1] R. Doc. 959.
[2] R. Doc. 961.
[3] R. Doc. 182 (Plea Agreement); R. Doc. 180 (Minute Entry).
[4] R. Doc. 234 at 2.
[5] *See Inmate Locator*, *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited Dec. 29, 2020).
[6] R. Doc. 898; 139 S.Ct. 2319 (2019).

18 U.S.C. § 3742.[7] The Court denied Williams's Motion, finding it lacked jurisdiction under 18 U.S.C. § 3742.

Williams now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[8] He lists four grounds for relief, including that he should "be sentence[d] on the face of [his] indictment using the category approach," and various other grounds seemingly related to his conspiracy charge.[9] The Government opposes the Petition on the grounds that it is untimely, lacks merit, and is barred by his plea agreement.[10]

Williams's Petition is untimely. Because Williams did not take a direct appeal, Williams's sentence became final on April 29, 2015, fourteen days after Williams's judgment was entered on the docket.[11] A petition under 28 U.S.C. § 2255 must be filed within one year of a final judgment.[12] The only potential exception to this rule is Williams's claim under *United States v. Davis*.[13] A petitioner may file a petition within one-year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review."[14] The Court therefore finds Williams's other

---

[7] R. Doc. 917.
[8] R. Doc. 959.
[9] *See id.* at 4-11.
[10] R. Doc. 961.
[11] *Clay v. United States*, 537 U.S. 522 (2003); Fed. R. App. P. 4(b)(1)(A).
[12] 28 U.S.C. § 2255(f).
[13] The Court notes that it is unclear if Williams means to assert a claim under *Davis* in his Petition. However, in a section of the Petition labeled "Timeliness of Motion," Williams references his previous motion and states that he is refiling "using 2255 and not 3742." R. Doc. 959 at 12. The Court therefore construes Williams's first ground for relief, which vaguely references a "category approach" as one for relief under *Davis*, as that Supreme Court case dealt with the categorical approach.
[14] 28 U.S.C. § 2255(f)(3).

claims time-barred, and proceeds to consider whether Williams's *Davis* claim falls within the exception listed in 28 U.S.C. § 2255(f)(3).

The Supreme Court decided *United States v. Davis* on June 24, 2019. Under 28 U.S.C. § 2255(f), Williams had one year to file his Section 2255 petition. Williams's Petition was not filed until November 17, 2020, over sixteen months after *Davis* was decided.[15] It is therefore untimely. The Court further notes that Williams's Section 3742 Motion does not equitably toll the one-year time limitation under 28 U.S.C. § 2255(f) here. The Government's Opposition to Williams's original Motion made clear that the Court lacked jurisdiction over that Motion.[16] And "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."[17]

Were the Court to consider Williams's *Davis* claim on the merits, it would fail under that analysis. As the Court has previously acknowledged, *Davis* provides no benefit to Williams. Williams was convicted of violating 18 U.S.C. § 924(o), which provides that "[a] person who conspires to commit an offense under subsection (c) shall be imprisoned for [a term]."[18] Subsection (c), which was the focus of the *Davis* decision, in turn allows for heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal "crime of violence or drug trafficking crime."[19] In *Davis*, the Supreme Court held that the definition of "crime

---

[15] *See* R. Doc. 959.
[16] R. Doc. 910.
[17] *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).
[18] 18 U.S.C. § 924(o).
[19] 18 U.S.C. § 924(c).

of violence" in the statute's residual clause was unconstitutionally vague.[20] But Williams was not sentenced under Section 924 for having a firearm in connection with a crime of violence, but rather for having a firearm in connection with a drug trafficking crime. A review of the record reflects that he and his counsel signed a Plea Agreement specifically referencing his plea under Section 924(o).[21] And as other courts have recognized, *Davis* has no applicability where a defendant's conviction under 18 U.S.C. § 924 involved a drug trafficking crime rather than a crime of violence.[22]

Finally, Williams's Petition is also barred by his plea agreement. In this case, Williams signed a plea agreement that explicitly waived his right to challenge his sentence collaterally except in certain narrow circumstances not present here.[23] That waiver is enforceable as long as it is knowing and voluntary and applies to the circumstances at hand.[24] Here, Williams does not contend his plea was not knowing and voluntary, and it plainly applies to the circumstances at hand. Accordingly, Williams Petition was waived by his plea agreement.

When a district court enters a final order adverse to a petition under 28 U.S.C. § 2255, the Court must issue or deny a certificate of appealability.[25] A court will issue a certificate of appealability only where the petitioner makes "a substantial

---

[20] 139 S. Ct. 2319.
[21] *See* R. Doc. 182 (Plea Agreement); R. Doc. 17 (superseding indictment).
[22] *See, e.g., United States v. Williams*, No. 12-51, 2020 WL 3104816, at *1 (E.D. La. June 11, 2020); *Moore v. United States*, No. 20-cv-98, 2020 WL 4574514, at *3 (N.D. Tex. June 29, 2020).
[23] *See* R. Doc. 182 at 3.
[24] *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019).
[25] Rules Governing Section 2255 Proceedings, Rule 11(a).

showing of the denial of a constitutional right."[26] For petitions denied on procedural grounds, a petitioner must show (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[27] Generally, the controlling standard for a certificate of appealability demands that the petitioner show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[28] For the reasons described above, Williams's Petition does not satisfy these standards. Therefore, the Court will not issue a certificate of appealability.

**IT IS HEREBY ORDERED** that Defendant's Petition is **DENIED**.

New Orleans, Louisiana, December 31, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[26] 28 U.S.C. § 2253(c)(2).
[27] *Johnson v. Quarterman*, 483 F.3d 287, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[28] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).