UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-131 (11) |
| DARIUS WILLIAMS | SECTION: D (5) |

### ORDER AND REASONS

Before the Court is Defendant Darius Williams' Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A).[1] In his *pro se* Motion, Defendant asks this Court to grant his request for a reduction in his sentence. The Government has filed a response in opposition.[2] Based on the record and the applicable law, the Court **DENIES** the Motion **without prejudice** for failing to exhaust administrative remedies.

### I.   FACTUAL & PROCEDURAL BACKGROUND

Williams pled guilty in this Court in 2015 to charges of drug trafficking and illegal firearm possession arising from his participation in a New Orleans Central City street gang known as "The Young Melph Mafia" or "YMM."[3] On April 15, 2015, this Court sentenced Williams to 156 months imprisonment for violations of 18 U.S.C. § 924(o) and 21 U.S.C. § 846.[4] Williams is incarcerated at USP Florence - High and his expected release date is June 15, 2026.[5]

---

[1] R. Doc. 1057.
[2] R. Doc. 1063.
[3] *See* R. Doc. 180; R. Doc. 182 (Plea Letter); R. Doc. 184 (Factual Basis).
[4] *See* R. Doc. 234.
[5] *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 22, 2023).

The Defendant filed the instant Motion for Compassionate Release on April 10, 2023, arguing that the BOP incorrectly calculated the time credits for the time he has spent in federal custody.[6] Williams also claims that he has been subject to physical harm while incarcerated, that he has been diagnosed with several mental disorders, and that he experiences suicidal thoughts.[7] According to Williams, he wrote to the warden and BOP Director asking for compassionate release and was told that "it's up to [the] courts."[8]

This Court ordered the Government to respond to Defendant's Motion.[9] The Government contends that the Motion should be denied because (1) Defendant has not exhausted his Bureau of Prisons administrative remedies; (2) a § 3582 compassionate release motion is the incorrect vehicle for challenging the BOP's calculation of credit for time served; and (3) Williams fails to articulate any "extraordinary and compelling reasons" warranting a reduction in his sentence.[10]

## II.   ANALYSIS

As a general matter, a district court may not modify a term of imprisonment once it has been imposed.[11] However, 18 U.S.C. § 3582 grants district courts limited authority to reduce the terms of a defendant's imprisonment.[12] To obtain relief, an individual (1) must demonstrate that "extraordinary and compelling reasons warrant

---

[6] *See* R. Doc. 1057.
[7] *Id.*
[8] *Id.*
[9] R. Doc. 1058.
[10] R. Doc. 1063 at pp. 4–7.
[11] *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed . . . .").
[12] *Id.*

such a reduction;" (2) must show that compassionate release is consistent with applicable policy statements from the Commission; and (3) must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors.[13]

Importantly, Section 3582 allows a court to consider a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"[14]  The Fifth Circuit has explained that this is a non-jurisdictional, but mandatory, claim processing rule.[15]

Here, the Government argues that Defendant's Motion should be dismissed without prejudice for failure to exhaust the statutorily required administrative remedies with the BOP.[16]  The Court agrees.

Although Williams claims that he contacted the warden of his facility about compassionate release, the Government contends that Williams did not formally file such a request until April 11, 2023, shortly after Williams filed the instant Motion.[17] Williams' Motion for Compassionate Release was filed in this Court on April 10, 2023. His request or motion to the warden was filed either the same day or the following day.  Thirty days had not gone by since the date (April 11, 2023) that Williams had

---

[13] *Id.* § 3582(c)(1)(A); *see also United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021).
[14] 18 U.S.C. § 3582(c)(1)(A).
[15] *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020).
[16] *See* R. Doc. 1063 at pp. 4–5.
[17] *See id.* at p. 2.

contacted the warden until the date he filed his Motion in this Court (April 10, 2023). Accordingly, Defendant has failed to show that he has "fully exhausted all administrative rights to appeal" or that thirty days have lapsed since the receipt of his "request by the warden of the defendant's facility."[18] Because he has not satisfied this statutory requirement, Defendant's Motion for Compassionate Release is not properly before the Court and must be denied without prejudice. He may refile the present Motion, if he considers it appropriate, once he has exhausted his administrative remedies.[19]

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Darius Williams' Motion for Compassionate Release[20] is **DENIED without prejudice**.

New Orleans, Louisiana, May 23, 2023.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[18] *See* 18 U.S.C. § 3582(c)(1)(A).
[19] The Court notes that the Government is correct in pointing out that a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not the proper vehicle for a defendant "to challenge the legality or the duration of his sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).
[20] R. Doc. 1057.